UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sedrick Banks, Lamont Bowman, Monnie Breeland, Leon Capers, Elton Clayton, Ray Crittington, Ricardo Doe, Eric Eady, Antonio Ferguson, Kevin Haynes, Cornelius Hightower, Richard Monroe, Michael Morris, Marcel Pryor, Anthony Rice, Josephe Sabb, Jerome Stewart, Herman Tilley Tina Wiggins, Randy B. Young, <br><br>   Plaintiffs, <br><br>vs. <br><br>Bradley J. O'Neal, in his individual and official capacities; Brad Lee O'Neal, in his individual and official capacities; Angela O'Neal Chappell, in her individual and official capacities; Coosaw Ag, LLC; Coosaw Land, LLC; and Coosaw Transport, Inc.; all d/b/a Coosaw Farms. <br><br>   Defendants. | **COMPLAINT** <br><br> **(Jury Trial Demanded)** |

  Plaintiffs, by way of their Complaint in this matter, would respectfully show unto this Honorable Court the following:

### I. Parties, Jurisdiction, and Venue

  1. Plaintiffs, at all times relevant to the matters arising from this case, were citizens and residents of the State of South Carolina and were employed by Defendants in Allendale County, South Carolina. Currently, Plaintiffs Banks, Breeland, Capers, Crittington, Doe, Ferguson, Hightower, Monroe, Rice, Sabb, Stewart, Tilley, Wiggins and Young are residents of

1

Allendale County; Plaintiffs Eady and Morris are residents of Hampton County; Plaintiff Haynes is a resident of Orangeburg County; and Plaintiff Pryor is a resident of Lexington County, South Carolina.  Plaintiff Bowman is a citizen and resident of Mecklenburg County, North Carolina. Plaintiff Clayton is a citizen and resident of Bloxom, Virginia. All Plaintiffs are of the African-American race.

2.     Upon information and belief, Defendant Bradley J. O'Neal is a 66-year-old Caucasian male citizen and resident of Allendale County, South Carolina, and is an owner, officer and/or agent of the Defendant corporations. He is being sued in his individual and official capacities.

3.     Upon information and belief, Defendant Brad Lee O'Neal is a 36-year-old Caucasian male citizen and resident of Allendale County, South Carolina, is the son of Defendant Bradley J. O'Neal, and is an owner, officer and/or agent of the Defendant corporations. At the time of the events described herein, Defendant Brad Lee O'Neal was the Director of Farming Operations for Coosaw Farms. He is being sued in his individual and official capacities.

4.     Upon information and belief, Defendant Angela O'Neal Chappell is a 39-year-old Caucasian female citizen and resident of Allendale County, South Carolina, is the daughter of Defendant Bradley J. O'Neal, and is an owner, officer and /or agent of the Defendant corporations. At the time of the events described herein, Defendant Angela O'Neal Chappell was the Director of the H2A Visa Program for Coosaw Farms. She is being sued in her individual and official capacities.

5.     Defendant Coosaw Ag, LLC is a South Carolina domestic corporation located and conducting business  in Allendale and Hampton Counties, South Carolina, and is a part of the

O'Neal family-owned businesses collectively known and doing business as "Coosaw Farms."

6. Defendant Coosaw Land, LLC is a South Carolina domestic corporation located and conducting business in Allendale County and Hampton Counties, South Carolina, and is a part of the O'Neal family-owned businesses collectively known and doing business as "Coosaw Farms."

7. Defendant Coosaw Transport, Inc. is a South Carolina domestic corporation located and conducting business in Allendale and Hampton Counties, South Carolina, and is a part of the O'Neal family-owned businesses collectively known and doing business as "Coosaw Farms."

8. The Plaintiffs and Defendants had a contractual relationship within the meaning of 42 U.S.C. §1981; Defendants were employers as defined by the S.C. Wage Payment Act; and Defendants were agricultural employers as defined by 29 U.S.C. §1802.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is based on race discrimination and retaliation under 42 U.S.C. §1981 and on a deprivation of rights under 29 U.S.C. §1801, *et seq.*.

10. In addition, this Court has supplemental jurisdiction over Plaintiffs' claims under the statutory and common law of South Carolina pursuant to 28 U.S.C. § 1367, because those claims arise out of the same transactions or occurrences that form the bases of Plaintiffs' claims under federal law.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the corporate Defendants do business in this judicial district and division, the individual Defendants are citizens and residents of Allendale and Barnwell Counties, within the Aiken Division, and the unlawful employment practices giving rise to Plaintiffs' claims were committed within this

judicial district and division.

## II.  Facts

12. Plaintiffs Capers, Crittington, Haynes, Tilley and Wiggins began working in May 2011, and the remaining Plaintiffs began working in June 2011, for Defendants as farm workers and laborers after applying for positions advertised as paying $9.12 per hour and offering 35 hours of work per week.

13. Plaintiffs understood their employer to be "Coosaw Farms", which was owned and operated by the O'Neal family, including Bradley J. O'Neal, Brad Lee O'Neal and Angela O'Neal Chappell.

14. Defendants did not give Plaintiffs, at the time of hire or at any time, written notice of their terms of employment. Plaintiffs expected to work 35 hours per week and to be paid at the rate of $9.12 per hour pursuant to the job advertisement. After transporting Plaintiffs to the fields, Defendants informed Plaintiffs that they would a) only be paid at the rate of 65 cents per pound of produce harvested, b) be paid a lower hourly rate than $9.12 , and/or c) work less than 35 hours per week.  Plaintiffs, some of whom had turned down other jobs to accept the job with Defendants, protested the pay arrangement, all to no avail.

15. Plaintiffs were supervised primarily by Defendant Brad Lee O'Neal, who assigned and directed their work as well as the work of other employees who performed the same duties as Plaintiffs. Plaintiffs identified the other employees as "Mexicans." Defendant Brad Lee O'Neal also referred to the other employees as "Mexicans".

16. Plaintiffs were ordered to report to a pick-up location in the early morning hours where Defendants would then transport them to a work site. After arrival at the work location, Plaintiffs were forced to wait for long periods of time while the fields dried, or for other various

reasons, before they were assigned their work. Plaintiffs, who were dependent upon Defendants for their transportation, could not leave the area. Defendants did not pay Plaintiffs for any of the time Plaintiffs were forced to wait at the work site before they were allowed to begin working.

17. Defendants supplied a device for employees to "punch in and punch out" when they started and ended work. The device's purpose was to record the number of hours worked by employees. Plaintiffs were directed to begin work prior to punching in on the device, and to continue working subsequent to punching out on the device.

18. Plaintiffs who were to be paid by the weight of produce harvested were assigned by Defendants to work together on rows of crops with several other African-American employees. At the same time, Defendants assigned fewer Mexican workers to each row of crops. Defendants' method of work assignment provided each Mexican an advantage over the African-American workers. Mexican workers could harvest more produce more efficiently than African-Americans assigned to crowded rows, thus permitting the Mexicans to earn more money. Plaintiffs objected to Defendants' practice of crowding African-American workers together to pick from the same rows of crops.

19. Defendants denied Plaintiffs access to decent restroom facilities, humiliating them by publicly ordering them not to use the facilities at the office. Similarly-situated Mexican workers were not subjected to the same treatment.

20. Defendants denied Plaintiffs basic human sanitary amenities and shelter, such as a means to wash their hands prior to eating, and by forcing them to eat in the woods. Similarly-situated Mexican workers were not subjected to the same harsh conditions.

21. Defendants, including but not limited to, Defendant Brad Lee O'Neal, brutalized Plaintiffs with racially demeaning epithets, referring to them as "niggers", "colored people", and

calling the African-American men "boy." He repeatedly justified his harshness toward Plaintiffs with such statements as "colored people just don't work as fast as Mexicans" and "you people don't work as hard as the Mexicans." Such disparaging remarks created an intolerable and hostile work environment. Defendant Brad Lee O'Neal's racial animus, conduct and demeanor were so open and notorious that all Defendants were aware of, endorsed and condoned his treatment of the Plaintiffs.

22. Plaintiffs' protests and objection to their treatment at the hands of the Defendants was met with more intimidation and racial hostility. When Plaintiffs complained, the Mexicans openly mocked and cursed them, knowing they would be protected and favored by Defendants.

23. Several Plaintiffs could not bear the intolerable conditions and resigned within a few days. Defendants, in retaliation for Plaintiffs' opposition to Defendants' unlawful employment practices, terminated all the Plaintiffs. The last of the Plaintiffs was terminated on or about June 28, 2011. Defendants retained the Mexican workers.

### FOR A FIRST CAUSE OF ACTION
### (Race Discrimination–Disparate Treatment–42 U.S.C. § 1981)
### (Against All Defendants)

24. Plaintiffs repeat and reallege Paragraphs 1-23 as if restated verbatim.

25. Plaintiffs are African American.

26. Defendant corporations, through their owners, officers, agents and employees, including all individual Defendants, unlawfully discriminated against Plaintiffs, based on their race or color, in the following particulars: by creating (or allowing Defendants' supervisors to create) a hostile work environment; by subjecting Plaintiffs to disparate treatment in the terms and conditions of their employment; by paying Plaintiffs unequally; and by terminating Plaintiffs' employment.

27. Defendants' discriminatory actions as alleged above impaired Plaintiffs' ability to make and enforce contracts regarding the terms and conditions of their employment, based on their race, in violation of 42 U.S.C. § 1981.

28. In addition, Defendants Bradley J. O'Neal, Brad Lee O'Neal and Angela O'Neal Chappell, deprived Plaintiffs of their rights to be free from racial discrimination, which rights are secured to Plaintiffs by the laws of the United States and the State of South Carolina, in violation of 42 U.S.C. § 1981 as described in detail above.

29. Upon information and belief, any alleged reason proffered by Defendants for paying unequal wages, or terminating Plaintiffs is a pretext for unlawful race discrimination.

30. Defendants' unlawful discrimination against Plaintiffs has directly and proximately caused them to suffer actual damages in the form of lost wages and employment benefits, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. Accordingly, Plaintiffs are entitled to recover in this action, actual damages from Defendants sufficient to compensate them for lost wages and employment benefits, and emotional distress caused by Defendants' unlawful discrimination.

31. Upon further information and belief, Defendants' discrimination against Plaintiffs was intentional and in reckless disregard of their rights to be free from such discrimination. Therefore, Plaintiffs are entitled to recover punitive damages against Defendants, in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such discriminatory actions in the future.

32. Plaintiffs also are entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in bringing this action.

**FOR A SECOND CAUSE OF ACTION**

**(Retaliation– 42 U.S.C. § 1981 )**

33. Plaintiffs repeat and reallege Paragraphs 1-32 as if restated verbatim.

34. Plaintiffs opposed Defendants' unlawful discrimination against them by complaining to their supervisors, including Defendant Brad Lee O'Neal, about the hostile work environment and disparate treatment they received based on their race.

35. Plaintiffs' opposition to Defendants' discriminatory practices constitutes protected activity under applicable law.

36. Defendants unlawfully retaliated against Plaintiffs by subjecting them to very unfavorable terms and conditions of employment, and terminating their employment.

37. Defendants deprived Plaintiffs of their right to be free from unlawful retaliation, which right is guaranteed by the laws of the United States and South Carolina, in violation of 42 U.S.C. § 1981.

38. Upon information and belief, any alleged reason proffered by Defendants for the adverse employment actions taken against Plaintiffs is a pretext for unlawful discrimination and retaliation.

39. Defendants' unlawful discrimination and retaliation against Plaintiffs has directly and proximately caused them to suffer actual damages in the form of lost wages and employment benefits, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. Accordingly, Plaintiffs are entitled to recover in this action actual damages from Defendants sufficient to compensate them for lost wages and employment benefits, and emotional distress caused by Defendants' unlawful discrimination and retaliation.

40. Upon information and belief, Defendants' discrimination and retaliation against Plaintiffs was intentional and in reckless disregard for their rights to be free from such

discrimination. Therefore, Plaintiffs are entitled to recover punitive damages against Defendants in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such discriminatory actions in the future.

41.     Plaintiffs are also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in bringing this action.

### FOR A THIRD CAUSE OF ACTION
**(Outrage−Intentional Infliction of Emotional Distress)**

42.     Plaintiffs repeat and reallege Paragraphs 1-41 as if restated verbatim.

43.     Defendants intentionally or recklessly inflicted severe emotional distress upon Plaintiffs as alleged in detail above.

44.     Defendants' conduct was so extreme and outrageous that it exceeds all possible bounds of decency and is furthermore atrocious and utterly intolerable in a civilized community.

45.     The actions of Defendants have directly and proximately caused Plaintiffs to suffer emotional distress.

46.     The emotional distress suffered by Plaintiffs is so severe that no reasonable person could be expected to endure it.

47.     Defendants and agents and employees of Defendants committed this outrageous conduct while acting within the course and scope of their employment with Defendants.

48.     Plaintiffs are entitled to recover in this action actual damages from Defendants sufficient to compensate them for their emotional distress. In addition, Plaintiffs are entitled to an award of punitive damages against the Defendants in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such outrageous conduct in the future.

## FOR A FOURTH CAUSE OF ACTION
### (Migrant and Seasonal Workers Protection Act - 29 U.S.C. §1801, *et seq.*)

49.    Plaintiffs repeat and reallege Paragraphs 1-48 as if restated verbatim.

50.    Defendants knowingly gave false and misleading information to Plaintiffs concerning terms of employment, including the rate and manner of pay, hours of work, and period of employment.

51.    Defendants failed to provide hand washing stations and suitable toilets as required by applicable federal labor protection standards, discharged Plaintiffs without cause, and failed to offer working conditions equivalent to those of aliens.

52.    Defendants retaliated against and discharged Plaintiffs because Plaintiffs attempted to enforce their rights under the Migrant and Seasonal Workers Protection Act to obtain and maintain employment with Defendants in accordance with federal law.

53.    The violations of the Migrant and Seasonal Workers Protection Act were the natural consequences of the deliberate actions of the Defendants and were intentional within the meaning of 29 U.S.C. §1854 (c).

54.    As a result, Plaintiffs suffered damages.

## FOR A FIFTH CAUSE OF ACTION
### (South Carolina Wage Payment Act - S.C. Code §41-10-10, *et seq.*)

55.    Plaintiffs repeat and reallege Paragraphs 1-54 as if restated verbatim

56.    Defendants willfully violated S.C. Code §41-10-40 by withholding and/or diverting Plaintiffs' wages.

57.    Defendants willfully violated S.C. Code §41-10-50 by failing to pay Plaintiffs all wages and commissions due by the next regular payday after Plaintiffs' employment with

Defendants was terminated.

58.     Pursuant to S.C. Code §41-10-80, Plaintiffs are entitled to recover an amount equal to three times the full amount of unpaid wages plus reasonable costs and attorney's fees.

WHEREFORE, having fully set forth his allegations against Defendants, Plaintiffs respectfully request the following relief:

- a. Back pay, lost employment benefits, and interest thereon;
- b. Reinstatement or front pay with lost employment benefits;
- c. Compensatory damages for severe emotional distress;
- d. Punitive damages;
- e. Pre- and post-judgment interest as allowed by law;
- f. Enhancement to Plaintiffs' actual, economic damages to account for any negative income tax consequences Plaintiffs might sustain from receiving a damages award in a lump sum;
- g. Treble damages for each violation of S.C. Code §41-10-40 and 50, pursuant to S.C. Code §41-10-80 ( C);
- h. Actual damages, or statutory damages of $500, whichever is greater, per person for each of Defendants' violations of the Migrant and Seasonal Workers Protection Act;
- i. Attorney's fees, expert fees, and costs; and
- j. Such further relief as the Court deems just and appropriate.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL.**

*s/*M. Malissa Burnette
M. Malissa Burnette, Esq. (Fed. ID No. 1616)
Callison Tighe & Robinson, LLC
P.O. Box 1390
Columbia, SC 29202
Phone: 803-404-6900
Fax: 803-404-6901
mmburnette@callisontighe.com

ATTORNEYS FOR PLAINTIFFS

June 6, 2014
Columbia, South Carolina