**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Sedrick Banks; Monnie Breeland; Leon Capers; Ricardo Doe; Antonio Ferguson; Kevin Haynes; Michael Morris; Anthony Rice; and Randy B. Young,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Bradley J. O'Neal; Brad Lee O'Neal; Angela O'Neal Chappel; Coosaw Ag, LLC; Coosaw Land, LLC; and Coosaw Transport, Inc.,<br><br>　　　　　　Defendants. | Civil Action No. 1:14-cv-02214-JMC<br><br>**ORDER AND OPINION** |

Plaintiffs Sedrick Banks, Monnie Breeland, Leon Capers, Ricardo Doe, Antonio Ferguson, Kevin Haynes, Michael Morris, Anthony Rice, and Randy B. Young (collectively "Plaintiffs") filed a complaint against Defendants Bradley J. O'Neal, Brad Lee O'Neal, Angela O'Neal Chappel, Coosaw Ag, LLC, Coosaw Land, LLC, and Coosaw Transport, Inc. (collectively "Defendants"), alleging Defendants caused Plaintiffs harm because of intolerable working conditions, racism, and retaliation. (ECF No. 1.)

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") as to Defendants' Motions to Dismiss for failure to prosecute claims and failure to participate in discovery pursuant to Rule 37 and Rule 41 of the Federal Rules of Civil Procedure. (ECF No. 104 at 1.)

**I. LEGAL STANDARD**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate

1

Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In the absence of a timely objection to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

## II. ANALYSIS

On June 6, 2014, Plaintiffs filed a Complaint containing the following causes of action: (1) race discrimination and disparate treatment pursuant to 42 U.S.C. § 1981, (2) retaliation pursuant to 42 U.S.C. § 1981, (3) outrage and intentional infliction of emotional distress, (4) violation of 29 U.S.C. §§ 1801–1872 (Migrant and Seasonal Workers Protection Act) for misleading workers regarding pay, failing to provide suitable hand washing stations, and failing to provide suitable toilets to workers, and (5) violation of S.C. Code § 41-10-10 to -110 (2015) (South Carolina Wage Payment Act) for withholding or diverting Plaintiffs' wages. (ECF No. 1.)

However, on November 24, 2015, Plaintiffs' attorneys filed a Motion to Withdraw as Attorney because "[t]he undersigned is unable to engage in any meaningful negotiations, mediation or trial preparation on behalf of [Plaintiffs] who will not cooperate, communicate or have no remaining interest in the case." (ECF No. 36 at 3.) On January 13, 2016, the court granted the Motion. On June 2, 2016, the court entered the Fourth Amended Scheduling Order. (ECF No. 72.)

After numerous unsuccessful attempts to communicate with the newly pro se Plaintiffs over the course of several months, Defendants filed Motions to Dismiss against Plaintiffs on September 1, 2016, alleging that "[t]he actions of [Plaintiffs] have made it plain that [they do] not intend to pursue the claims originally brought in this case, and therefore, they should be dismissed with prejudice." (ECF Nos. 91, 92, 93, 94, 95, 96, 97, 98, 99.) The court notified Plaintiffs of the date a response to Defendants' Motion to Dismiss was due and the consequences for failing to respond in a *Roseboro* Order,[1] which also went unanswered. (ECF No. 100.) Consequently, the Magistrate Judge entered a Report and Recommendation on October 24, 2016, recommending that this court grant Defendants' Motions to Dismiss and advising Plaintiffs of their right to file specific written objections to the Report. (ECF No. 104.) Plaintiffs filed no objections. As such, after a thorough review, the court finds that the record and the Report contain no clear error.

### III. CONCLUSION

For the reasons above, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 104), **GRANTS** Defendants' Motions to Dismiss as to Plaintiff Sedrick Banks (ECF No. 91), Plaintiff Monnie Breeland (ECF No. 92), Plaintiff Leon Capers

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that "the [pro se] plaintiff be advised of his right to file counter-affidavits or other responsive material")

3

4

(ECF No. 93), Plaintiff Ricardo Doe (ECF No. 94), Plaintiff Antonio Ferguson (ECF No. 95), Plaintiff Kevin Haynes (ECF No. 96), Plaintiff Michael Morris (ECF No. 97), Plaintiff Anthony Rice (ECF No. 98), and Plaintiff Randy B. Young (ECF No. 99), and **DISMISSES** Plaintiffs' Complaint (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

United States District Judge

January 17, 2017
Columbia, South Carolina

4